**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00356-MR
(CRIMINAL CASE NO. 1:07-cr-00032-MR-5)**

| | |
|---|---|
| CLIFTON EARL WAGNER SMITH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 4]. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina. Petitioner Clifton Earl Wagner Smith moves this Court to vacate his 210-month sentence, based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1] In response to

---

[1] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, where the Fourth Circuit had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history."

the motion to vacate, the Government has waived the one-year statute of limitations, and the Government asserts that Petitioner is entitled to be resentenced without application of a statutory mandatory minimum sentence of 240 months. [Doc. 8].

## BACKGROUND

On April 3, 2007, the Grand Jury for the Western District of North Carolina charged Petitioner Clifton Earl Wagner Smith in a one-count indictment with conspiracy to possess with intent to distribute at least 50 grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 1:07-cr-00032-MR-5, Doc. 1: Indictment]. On May 21, 2007, the Government filed an Information in accordance with 21 U.S.C. § 851, giving notice that the Government intended to seek enhanced penalties based on Petitioner's prior conviction on November 4, 2004, for felony possession of cocaine in the Superior Court of Cleveland County, for which he received a sentence of six to eight months based on his prior record level of II. [Id., Doc. 55: 851 Information; Doc. 6-1: State Court Judgment]. Petitioner ultimately entered into a plea agreement with the Government, and pled

---

406 F.3d 242, 246 (4th Cir. 2005). Moreover, the Fourth Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

2

guilty to the charge contained in the Indictment. [Id., Doc. 62: Plea Agreement; Doc. 64: Acceptance and Entry of Guilty Plea].

In preparation for Petitioner's sentencing hearing, the probation office completed a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 27 and a criminal history category of II, yielding an applicable Sentencing Guidelines range of imprisonment of between 78 and 97 months. [Doc. 2-1 at 6; 13: PSR]. The probation officer also noted that Petitioner faced a statutory mandatory minimum of 240 months in prison based on the Government's § 851 notice. [Id.]. Prior to Petitioner's sentencing hearing, the Government filed a motion for downward departure under Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e), requesting that this Court depart downward from the 240-month term of imprisonment to a sentence between 210 and 262 months. [Id., Doc. 115 at 3: Mot. for Downward Departure].

This Court granted the Government's motion for downward departure and ultimately sentenced Petitioner to 210 months' imprisonment and five years' supervised release. [Id., Doc. 124: Judgment]. Petitioner appealed, and on April 2, 2009, the Fourth Circuit affirmed the judgment, issuing its mandate on April 24, 2009. United States v. Smith, 320 F. App'x 158 (4th Cir. 2009) (unpublished). On November 8, 2012, Petitioner filed the

pending motion to vacate his sentence, arguing that under <u>Simmons</u> his prior conviction did not qualify as a predicate conviction for purposes of 21 U.S.C. § 851, because he could not have received a sentence of more than one year in prison for that conviction and therefore, the 240-month mandatory minimum sentence should not have applied.  On February 19, 2013, this Court ordered the Government to respond to the motion to vacate.  On April 25, 2013, the Government filed its Response, in which the Government waives the statute of limitations and asserts that Petitioner should be resentenced without the 240-month mandatory minimum.  On May 10, 2013, this Court denied a §3582 motion to reduce Petitioner's sentence based on the amended crack cocaine guidelines.  [Criminal Case No. 1:07-cr-00032-MR-5, Doc. 269].  That motion was denied because the mandatory minimum underlying Petitioner's judgment and guideline range determination had remained undisturbed. [Id.].  On July 19, 2013, and August 27, 2013, Petitioner, through the Federal Defenders of Western North Carolina, filed briefs in which Petitioner cites additional authority in support of his motion to vacate.  [Docs. 9; 10].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions

4

to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in 21 U.S.C. § 802 as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." 21 U.S.C. § 802(44). Here, under the law of the Fourth Circuit at the time of Petitioner's sentencing, Petitioner was subject to a mandatory minimum sentence of 240 months' imprisonment based on his prior state court conviction for felony possession of cocaine. As the Government notes, however, Petitioner could not have received a sentence of more than one year in prison based on this conviction under the North Carolina Structured Sentencing Act. Therefore, under Simmons, Petitioner's prior conviction for felony possession of cocaine does not qualify as a "felony drug offense" because it was not punishable by more than one year in

5

prison. As the Government correctly notes, without the prior felony conviction, Petitioner's otherwise applicable Guidelines range was well below the 240-month mandatory minimum from which this Court departed downward in sentencing Petitioner to 210 months in prison as to his drug-trafficking offense, an ultimate sentence that was also well above the top of the applicable Guidelines range. The Government states that because the application of that mandatory minimum deprived this Court of discretion to depart downward from a lower guideline range, Petitioner's 210-month sentence was a violation of the due process clause as established in <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980). Accordingly, the Government has waived the application of the statute of limitations, and the Government recommends that this Court grant Petitioner's motion to vacate and that this Court re-sentence Petitioner with reference to the correct mandatory minimum sentence.

The Court agrees with the Government that Petitioner should be re-sentenced without application of a 240-month mandatory minimum sentence. Therefore, the Court will grant the motion to vacate and will order Petitioner to be re-sentenced in accordance with this Order.

## CONCLUSION

In sum, for the reasons stated herein, the Court grants Petitioner's

Section 2255 petition and orders Petitioner to be resentenced without application of a 240-month mandatory minimum sentence.

**ORDER**

**IT IS THEREFORE ORDERED** that Petitioner's petition under 28 U.S.C. § 2255 [Doc. 4] is **GRANTED** to the extent that Petitioner's sentence is vacated and Petitioner shall be re-sentenced without application of a 240-month mandatory minimum sentence. In all other respects, Petitioner's conviction and judgment remains undisturbed.

**IT IS FURTHER ORDERED** as follows:

(1)  The United States Marshal shall have the Defendant present in Asheville, North Carolina, for the December 17, 2013 sentencing term;

(2)  The Clerk of Court shall calendar this matter for that term;

(3)  The Federal Defender shall arrange for the appointment of counsel to the Defendant for resentencing; and

(4)  The United States Probation Office shall provide the Court with a supplemental presentence report in advance of the resentencing hearing.

The Clerk of Court is directed to provide notification and/or copies of this Order to the United States Attorney, the Federal Defenders, the United States Marshals Service, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: October 28, 2013

Martin Reidinger
United States District Judge